IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge

Criminal Action No. 08-cr-00307-REB-09

UNITED STATES OF AMERICA,

    Plaintiff,

v.

9. JENNIFER ZELENY,

    Defendant.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON THE ENTRY OF A PLEA OF GUILTY**

**Blackburn, J.**

On April 2, 2009, I conducted a change of plea hearing during which 1) the defendant, her counsel, counsel for the government, and I formally reviewed and considered the plea agreement of the parties as stated in Court's Exhibits 1 and 2 ("plea agreement"); 2) I rearraigned the defendant under Fed. R. Crim. P. 10; and 3) I formally advised the defendant and conducted providency proceedings under Fed. R. Crim. P. 11.

Based upon my exchange and colloquy with the defendant in open court on the record; based upon the representations, remarks, and statements of counsel for the government and counsel for the defendant; based upon my review of the file and my review of the written plea agreement as stated in Court's Exhibits 1 and 2, I enter the following findings of fact and conclusions of law:

That the defendant appeared to be alert and not under the influence of or impaired by drugs, narcotics, marihuana, alcohol, medication, or intoxicants;

That the defendant was competent and fully understood the nature, circumstances, and essential elements of the offense to which her plea of guilty was entered;

That the defendant understood the direct and collateral consequences that she may suffer or experience as a result of her participation in the plea agreement, her plea of guilty, her admission, and the resultant felony conviction and sentence;

That the defendant's plea of guilty and admission were made and entered voluntarily, knowingly, intelligently and intentionally, and was not the result of mistake; misunderstanding, fear, force, threats, coercion, or undue influence by anyone;

That the defendant's plea of guilty and admission were not the result of any promise or inducement made by anyone, including legal counsel, except as previously indicated on the record and included in the written plea agreement;

That the defendant understood each of her legal rights, including her right to a trial by jury and her right to be represented throughout this criminal case by an attorney even if indigent; and that the defendant freely, voluntarily, knowingly, intelligently, and intentionally waived her rights and privileges, including the right to trial by jury, but excepting her right to be represented throughout this criminal case by an attorney even if indigent and her right to appeal any sentence I impose;

That the defendant understood that in imposing sentence, I must consult and consider the purposes and goals of sentencing prescribed by Congress, the relevant provisions of the advisory United States Sentencing Guidelines, and the provisions of 18 U.S.C. § 3553 (a)(1)-(7);

That the defendant understood that the court will not be bound by any representations by anyone concerning the penalty to be imposed, except as specified in the plea agreement or on the record;

That a factual basis existed to support and sustain the plea agreement and the defendant's plea of guilty;

That the defendant has been represented at the change of plea hearing and throughout this case by effective and competent counsel with whom the defendant had no objection, criticism, or complaint whatsoever;

That the defendant read, understood, and accepted each and every term and provision within her plea agreement, which she reviewed carefully and thoroughly with her attorney;

That the plea agreement conformed in form and substance to the requirements of law, including The Local Rules of Practice of the United States District Court for the District of Colorado;  and

That on the record considered as a whole, I conclude that I may properly accept the defendant's plea of guilty and admission, which were entered in the context of her plea agreement; and defer formal approval of the plea agreement as stated in Court's Exhibits 1 and 2,  pending opportunity to consider the presentence report.

Dated April 2, 2009, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge