**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:                October 16, 2009

Courtroom Deputy: Nel Steffens
Court Reporter:     Suzanne Claar
Probation Officer:  Jeanette Woll

**Criminal Action No.  08–cr–00307–REB**

*Parties:*                                           *Counsel:*

UNITED STATES OF AMERICA,                            Michele Korver

   Plaintiff,

v.

9.  JENNIFER ZELENY,                                 Marci Gilligan

   Defendant.

**SENTENCING MINUTES**

**10:45 a.m.    Court in session.**

Appearances of counsel.

Defendant is present on bond.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and two addenda.

Counsel for the government confirms that counsel has read the presentence report and addenda.

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addenda with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Statement by the defendant.

Statement by counsel for the government.

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

    - the defendant's **Motion for Non-Guideline Statutory Sentence of Probation** [#343], filed June 29, 2009, is **GRANTED**, consistent with the foregoing findings of fact, conclusions of law, and the following orders;

    - the **United States § 5K1.1 Motion for Downward Departure Based on Substantial Assistance** [#402], filed October 9, 2009, is **GRANTED**, consistent with the foregoing findings of fact, conclusions of law, and the following orders;

    - the government's **Motion to Dismiss Count 1 of the Superseding Indictment as to Defendant Jennifer Zeleny** [#406], filed October 16, 2009, is **GRANTED;**

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count Nine of the Superseding Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is sentenced to supervised probation for a term of **two (2) years**, during which time she shall be subject to the jurisdiction of the probation department and of this court;

5. That while on supervised probation, the defendant shall comply with the following conditions of supervised probation:

- all mandatory conditions of supervised probation, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

- all standard conditions of supervised probation approved and imposed by this court in all such cases and circumstances; and

- the following explicit or special conditions of supervised probation:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised probation;

    - that the defendant shall not possess or use illegally controlled substances;

    - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

    - that the defendant shall submit to one drug test within fifteen (15) days of today's date, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

    - that at defendant's expense, the defendant shall, unless then indigent, undergo a alcohol/substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the

        defendant;

6. That an order and judgment of forfeiture shall be entered vis-a-vis Count Twenty-Six of the Superseding Indictment under Fed.R.Crim.P. 32.2(b)(3), 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461, and 21 U.S.C. § 853, to the extent those statutory provisions are relevant and apposite;

7. That immediately following the conclusion of this hearing, the defendant and her counsel shall confer in person with probation officer Jeanette Woll, who is present in open court, to schedule an appointment to read, review, and sign the written conditions of supervised probation as required by the court;

8. That no fine is imposed; and

9. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00.

The Defendant waives formal advisement of appeal.

**11:15 a.m.   Court in recess.**

Total time in court:   00:30

Hearing concluded.